UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTWAIN WASHINGTON, | No. 2:19-cv-616-EFB P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| M.E. SPEARMAN, et al., | |
| Defendants. | |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis (ECF No. 2).

### Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that, in conjunction with the separately-filed prisoner trust fund account statement (ECF No. 6), it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

### Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

A. <u>Defendant Schumacher</u>

Plaintiff alleges that, in June of 2018 and while incarcerated at High Desert State Prison, his cell door was partially opened[1] by defendant Schumacher to enable him to retrieve weekly supplies – tissue paper, soap, toothpaste, and a toothbrush. ECF No. 1 at 7. He alleges that the open door afforded him just enough space to reach outside his cell with his head, upper torso, and right arm. *Id.* While plaintiff's body was in the door frame, Schumacher purposefully closed the

---

[1] The complaint notes that the doors were opened and closed by remote mechanism, with officers controlling the doors from a control booth. ECF No. 1 at 5.

1  door. *Id.* at 7-8. As a consequence, plaintiff sustained significant injuries which required
2  emergency medical attention. *Id.* at 8.

3   Plaintiff argues that Schumacher was motivated to injure him because of past arguments
4  between the two men concerning the latter's operation of the cell door mechanism. *Id.* at 5.
5  Those arguments ultimately led to plaintiff submitting a "CDCR-22 Inmate Request" to Warden
6  Spearman in which he complained that Schumacher and other officers were disregarding prison
7  policy by opening and closing cell doors "in a dangerous manner." *Id.* at 6. Plaintiff claims that
8  Schumacher and other officers began harassing him after the submission of that document. *Id.*

9   Based on the foregoing allegations, the court finds that plaintiff has stated a cognizable
10 Eighth Amendment excessive force claim.

11  B. Warden Spearman

12  Plaintiff claims that Spearman was complicit in the foregoing excessive force claim
13 insofar as he failed to adequately instruct, train, and supervise his subordinates. *Id.* at 5. As
14 noted *supra*, plaintiff alleges that Spearman was made aware of the risk by way of an inmate
15 request form. *Id.* at 6. But the form in question allegedly advised Spearman that policies were
16 not being adhered to by correctional officers. *Id.* This appears to be an advisement that these
17 officers were acting negligently. It did not advise (based on the current allegations) the warden
18 that any one officer intended to intentionally harm plaintiff. Thus, plaintiff has failed to allege a
19 sufficient causal connection between Spearman's inaction and his injury. *See Snow v. McDaniel*,
20 681 F.3d 978, 989 (9th Cir. 2012) ("A supervisor may be liable only if (1) he or she is personally
21 involved in the constitutional deprivation, or (2) there is a sufficient causal connection between
22 the supervisor's wrongful conduct and the constitutional violation.") (internal quotation marks
23 omitted).

24  III. Leave to Amend

25  Plaintiff may elect to proceed only with his excessive force claim against defendant
26 Schumacher. Or, he may submit an amended complaint which attempts to remedy the
27 deficiencies in his other claims.
28 /////

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint alleges, for screening purposes, a viable Eighth Amendment excessive force claim against defendant Schumacher.

4. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: February 11, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTWAIN WASHINGTON,

        Plaintiff,

    v.

M.E. SPEARMAN, et al,

        Defendants.

No. 2:19-cv-616 EFB P

NOTICE

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the Eighth Amendment excessive force claim against defendant Schumacher;

OR

(2) _____ delay serving any defendant and files an amended complaint.

        _____
        Plaintiff

Dated: